The next case is 083067 James Bouchard v. Department of Veterans Affairs. Mr. Bates.  I'm Beverly Bates. I'm appearing here on behalf of my client, Dr. Bouchard. Dr. Bouchard was dismissed by DVA and was not given RIF notice. It was determined that he was the subject of a RIF memorandum and the American Citizens Protection Board determined that because he was an appointee under section 7405, a section which appointed Dr. Bouchard as a part-time physician with the qualifications under 740131. He was in effect appointed as a part-time permanent. He was given an unlimited term. This is not a temporary appointment statute in whole as claimed by the MSPB. Under section 740D, the secretary is given authority to appoint physicians with qualifications of 7401 to an unlimited term, which is what Dr. Bouchard was appointed to. But what do you make of the language in 7405A1, I'm sorry, 7405A. It says, without regard to civil service or classification laws, rules, or regulations. That is. Since that language clearly indicates that the RIF provisions don't apply here. That is the language that the MSPB in part relied upon, stating that without regard to civil service language made this a statutory appointment that did not entitle Dr. Bouchard to RIF rights notice. Let's go back to, to answer your question. Let's go back to the Supreme Court decision of Brannon against Elder, which upheld the Civil Service Commission regulations putting into effect Veterans Preference Act of 1944. That's the landmark case of the Supreme Court in Veterans Rights. That case was followed by Von Zeminsky, which is the modern landmark case established in Veterans Rights. That... Von Zeminsky dealt with someone that was appointed under 7401, not 7405. That is a difference, not a distinction. The difference is... 7401 doesn't have the language that I cited a moment ago. It does. And it does in 7403. If you look at 7403, you will see that language. Chapter 74 is an integral body of medical professional appointment statutory language. 7401 sets out certain positions, such as podiatrist, physicians, so forth. 7402 sets out the qualifications. Podiatrist has to go to medical school and meet other kind of qualifications. All of those physicians who are appointed with 7401 qualifications, including 7405, they relate back to each other. If you look at 7403, you have the same without regard to civil service law provision. That's in 7403, the same as in 7405, but it's not in 7401. If you look at that as a statutory body, you will see that it does relate to 7401 appointments. I will state my case on that. It certainly refers to the positions listed in 7401, but the appointment, in fact, was made under 7405. And we can't ignore this language, can we, without regard to civil service or classification laws, rules, or regulations? Judge Lynn, let me just point this out, if I may, to attempt to alter that conclusion on your part. Under 7403A1, it says appointments under this chapter, that's chapter 74, that includes chapter 7401, of health care professionals to whom this section applies. And then it goes on to say without regard to civil service requirements. May be employed without regard to civil service requirements. So there's no question that 7401 has the same without regard to civil service requirements that 7405 has. So this falls under von Siminski. Now, how has the board tried to limit von Siminski? The modern landmark case for veterans' rights, and there are a few of it, it being the only one that I know much about. And I've tried in other cases. Because they say, well, 7405 is a temporary appointment statute. Well, I've already explained, it's not fully a temporary statute. Because he had an unlimited term. And that was under the authority of 7405. So what the board says, overlooking that, they say, well, if you're under 7405, you're temporary. If you're under 7401, then you're permanent. And only then are you entitled to RIF rights notice, under 7401. That's under a fallacy. With respect to Dr. Bouchard. With respect to his appointment. And they sent it back for remand to the AOJ to say, is he permanent or temporary? Every SF50, we put 23 of them in the record before the MSPB, said he was a 1. Permanent tenure. Notice to employee, you have permanent tenure. This will affect your rights. This is your official notice. This is official document. Agency in the late evening rally, before this was decided by the AOJ, came up with some personnel affidavits. And they found somewhere, floating around in a personnel officer's file somewhere, a SF52, a working document. And they said, oh, well, this working document, which was not approved until 10 days after the standard form 50 had been entered and made a record of your permanent tenure, this working document had a 3 on it. Oh, that's indefinite appointment. But even accepting these personnel officials' affidavits, although this was an indefinite appointment, he only had a tenure 3. Tenure 3 is entitled to RIF right notice 2. But the agency gave RIF tenure a 1 throughout this gentleman's career as a podiatrist, 12 years. Before that, he had intermittent service. 12 years, he got 1s. He was given RIF notice rights. And yet they said, oh, well, he has no RIF notice rights. Then they came out, oh, well, he only had, he was only a 3 in indefinite appointment. Indefinite appointment under the civil service regulations, I'm sorry, now the OPM regulations. 3 has RIF rights too. Maybe not as good as 1, but those are RIF rights. So the whole defense is a contrived one that the DVA has entered into this case. This case should be remanded. Now, the only argument they've got is this implied repeal argument. And they say, well, this is without regard language. It spikes the fact that they lost out on that in Bonsaminsky, the implied repeal argument. Bonsaminsky said, there's no intent of Congress to take away the Veterans Preference Act of 1944 rights by putting in this without regard language. I'm sorry, in Bonsaminsky, the language they say was the implied repeal language was 7421, which was a statute that said the VA has a right to employ all kind of employment conditions in its treatment of physicians. And that this was an implied repeal of Veterans Preference rights because they could decide this about the treatment of veterans, they could decide that, they could decide the hours, they could decide how they treat them personnel-wise. And Bonsaminsky said what this court would hopefully say in order to keep veterans' rights afloat, and that is that there's no intent by Congress with this without regard language, without regard to civil service laws language, to repeal Veterans Preference rights. An implied repeal is not favored by the law. If you look at, I did not cite this in the brief, if you look at section 23.10, I did not cite it, of the Sutherland construction, you'll see that an implied repeal is not favored by the law, and here we have a law that goes way back, Veterans Preference Act of 1944, as Brennan v. Elder states, it took upon itself to further legislation that was passed in 1932. We cannot say that this general language, without even referring to veterans' rights, an effective implied repeal will treat what it is repealing, not just in general say we are impliedly repealing everything that's gone before us that might be related to this. Without regard has no specific discussion of veterans' preference rights, so implied repeal is not an effective argument. We ask that this be remanded to MSPB and that the doctor be restored to duty for failure to have riff notice issued. May it please the court. The board correctly found, as a factual matter in this case, that Dr. Bouchard was appointed under 7405. Congress made the decision that appointees like Dr. Bouchard, appointed under 7405, do not have Title V civil service rights. As this court explained in Von Zeminsky, there are some circumstances where healthcare professionals of the VA are treated differently than are employees who are governed by the more traditional Title V provisions, and this is exactly one of those circumstances. Von Zeminsky explained where there is an overriding provision of law in Title 38, then the Title 38 provisions are the ones that govern, not Title V. Here we have a clear overriding provision of law in Section 7405, which explicitly allows the VA to employ healthcare professionals without regard to civil service or classification laws, rules, or regulations. That is exactly what RIF rules under Title V would fall into that category, so they are expressly excluded by Title V. Dr. Bouchard focuses much of his argument on a distinction between whether he was a permanent, or temporary, or indefinite employee, and while we certainly believe that the board's decision that he was an indefinite employee in Tenure Group III is supported by substantial evidence, the ultimate answer to that question is not dispositive in this appeal by any means. Under 7405, anyone appointed under 7405 in a part-time position, it doesn't matter whether the part-time position is permanent, indefinite, temporary, it doesn't matter what qualifying descriptor is used for that part-time position. Section 7405, subsection A1, allows for the appointment of temporary full-time basis, part-time basis, or without competition basis. Section 7405 clearly captures any type of part-time employee, and there's never been any suggestion in this appeal that Dr. Bouchard was a full-time employee. The full-time employees are employed under 7401, like Dr. Von Zeminsky. Is there any document in the record that identifies the legal authority for his appointment as anything other than 7405? No, Your Honor, and as the board explained, every time a statutory section for appointment authority was cited, it was 7405. That showed up on both the appointment and the termination SF50s, which are in the appendix to the respondent's brief. As Dr. Bouchard's attorney explained this morning, he put multiple 20-some SFs in the record, and those other SFs also made reference to 7405. Each time Dr. Bouchard received a within-grade pay increase, a subsection of 7405 was cited as the statutory authority for that increase. There's no document anywhere that has ever said he was an appointee under 7401, which again would be a permanent full-time employee, and he simply was not a full-time employee. So really regardless of the permanent, temporary, indefinite nature of Dr. Bouchard's position, he was a 7405 employee. This court has looked at the question of the interplay between Title V and Chapter 74 sections of Title 38 on two occasions before. Of course, one, von Zeminsky, but this court also looked at 7403, which has been discussed this morning in the Scarnati case, and this was the subject of our 28J letter to the court last week. 7403 allows for the appointment of particular doctors, those appointed under 7401, but uses the verb appointment or appoint without regard to civil service laws and procedures. Because the question in von Zeminsky was about riff rights and termination, 7403 was simply not at issue there. Dr. Bouchard seems to contend this morning that if he truly did not have riff rights under 7405, well then von Zeminsky would not have been decided the way that it was decided. But 7403 just was not at issue in von Zeminsky. The statutory section that the court was interpreting there was 7421, which allows the VA to prescribe the hours and conditions of employment and leaves of absences. And so the question there was whether riff procedures and separations fell within that phrase. And this court found that the Title 38 phrase there did not, well, really there was no inconsistency between the two. In Scarnati, however, the court looked at another appointment situation and looked at that phrase, appointment without regard to civil service requirements, and found that in fact that was the very kind of overriding provision that von Zeminsky envisioned and that does allow the Title VIII personnel system to trump the Title V protections, in fact. And 7405, which we have at issue here, is even more broad in its coverage and in many ways more explicit than 7403, which this court did find to be such an overriding provision. It uses the verb employ rather than simply the verb appoint. And that certainly captures Dr. Bouchard's situation here. Finally, as a last point, Dr. Bouchard says that attributes to the government an implied repeal argument. And I want to be very clear that we are not making an implied repeal argument here. There's no necessity for us to rely on implication or some kind of presumption because we have here Section 7425, which Congress enacted just two years after giving civil service employee a riff rights. And as this court discussed both in von Zeminsky and in the Scarnati's opinion, 7425 is in effect a decision rule, a rule for resolving conflicts between Title V and Title 38. And according to Section 7425, Title 38 governs for VHA, Veterans Health Administration doctors, unless some provision of Title V specifically supersedes, overrides, or otherwise modifies the Title 38 provision. So as the court framed the question in Scarnati, was there anything in the Veterans Employment Opportunity Act, which was at issue there, that specifically overrode the Title 38 provision? And there was not. And similarly here, there's nothing in the RIF statute that specifically overrides Section 7405. So Section 7405 is, again, what governs Dr. Bouchard's employment and subsequently his, within that verb, separation from the government. And for these reasons, we ask that the court affirm the decision of the board. Thank you. Mr. Bates? I think I tried to make it clear in my argument that 7403 was not used as an argument for implied repeal in von Siminski. But what I said was the same standard that was used in von Siminski to argue against implied repeal of 7421, which was this language in Chapter 74, that said the secretary has control over the general employment conditions of the appointees under 7401 or under the chapter. And these conditions are so broad that that impliedly repeals the Veterans Preference Act. And the court said there's no intention shown by Congress to say that there should be any provision in this act, such as 7421, to impliedly repeal Veterans Preference Act. And we do not favor an implied repeal. So the same rationale would cover trying to use 7403 as an implied repeal provision. And actually, the SF50s in the record have different appointment provisions. Some say Chapter 74. Some say 7405. Are there any that say 7401? No. And we do not contend that he was appointed under 7401 specifically. We think there's an integral employment process here under Chapter 74. But he was specifically employed as a part-time permanent under an unlimited term, not a temporary statute, under 7405. We're not trying to say he's 7401. We don't have to. It's not necessary. And if you look at the Scarnetti case, which was a 7401 appointment case, here the implied repeal was rejected because Veterans Employment Opportunities Act was a later act which said that the veteran could make a claim for a RIF appeal because he was not employed under this later past act. And so the court rejected implied repeal again, even though it denied the veteran of RIF rights. So that's consistent with our argument on implied repeal not being pertinent here. Thank you, Your Honors. Thank you. Case is submitted.